UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Alassane Otty Abdouraziz Bouraima,
        Petitioner

        v.                                          Case No. 26-cv-383-SM-TSM
                                                    Opinion No. 2026 DNH 066

Superintendent, Strafford County
Department of Corrections, et al.,
        Respondents


**O R D E R**


Alassane Otty Abdouraziz Bouraima petitions the court for an order directing respondents to release him immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.  That petition is granted to the extent it seeks a prompt bond hearing that complies with the terms of this order.


**Background**

On May 18, 2026, the respondents were directed to show cause why the court should not issue an order granting Mr. Bouraima's petition to the extent it seeks an order directing the federal respondents to grant petitioner a bond hearing based

upon his apparent membership in the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), and/or his similarity to the petitioner in Destino v. FCI Berlin, Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

The respondents filed their response to the order to show cause on May 21, 2026, in which they maintain that Destino and Guerrero Orellana were wrongly decided, assert that Bouraima is subject to mandatory detention pursuant to 8 U.S.C. § 1225, and object to the court granting the relief he seeks. See Response to Order to Show Cause (document no. 6). Nevertheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case.

Bouraima is, however, distinct from similarly situated petitioners in one respect: he is no longer being detained within this district. He filed his petition in this court on May 17, 2026. According to the government, the following morning, at approximately 8:00 a.m., he was transported from New Hampshire to Massachusetts to board a flight to Texas. The flight left at approximately 11:25 a.m. Later that day, at approximately 2:15 p.m., the government says it received a copy

2

of Bouraima's petition and this court's service order.  That
service order directed the federal respondents to "provide this
Court with at least seventy-two hours of advance notice of any
scheduled removal or transfer of the petitioner out of this
Court's jurisdiction."  Service Order (document no. 3) at 3.  In
short, then, Bouraima was detained in New Hampshire when he
filed his petition but the government claims that when it
received the court's order, he had already been removed to
Texas.

Bouraima's transfer out of the district does not strip the
court of jurisdiction over his petition.  Because Bouraima was
in the district when he filed his petition and because he
properly named his immediate custodian as respondent, this court
retains jurisdiction.  See Ex parte Endo, 323 U.S. 283 (1944);
Fox v. Warden, FCI Berlin, No. 21-cv-158-SE, 2022 WL 1085311
(D.N.H. Apr. 11, 2022).  See also Rumsfeld v. Padilla, 542 U.S.
426, 441 (2004) ("Thus, Endo stands for the important but
limited proposition that when the Government moves a habeas
petitioner after she properly files a petition naming her
immediate custodian, the District Court retains jurisdiction and
may direct the writ to any respondent within its jurisdiction
who has legal authority to effectuate the prisoner's release.").
Indeed, the government concedes that this court retains

3

jurisdiction over Bouraima's petition.  See Notice of Transfer
(document no. 5) at 2.


### Conclusion

The respondents have failed to show cause why the court
should not order them to afford Bouraima a bond hearing before
an immigration judge (IJ).  Because the court concludes that the
reasoning in Destino applies in this case, Bouraima's petition
is granted, in part.  The respondents are ordered to provide
Bouraima with a constitutionally adequate bond hearing before an
IJ as soon as practicable, at which, consistent with the law
here, the government will bear the burden to either: (1) prove
by a preponderance that Bouraima is a flight risk; or (2) prove
by clear and convincing evidence that he poses a danger to the
community.  See Destino, 2025 WL 4010424 at *8.  See also
Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).


The court is aware that immigration judges in the Fifth
Circuit apply a different standard of proof at bond hearings
(and may not offer aliens in Bouraima's position a bond hearing
at all).  If the government is not able to provide Bouraima with
a bond hearing in Texas that complies with the requirements of
this order by applying the rule applicable here, it shall make
arrangements to have such a hearing conducted by an immigration

4

judge located in the First Circuit (either by transporting Bouraima or by making such a hearing available remotely).

If the government fails to provide a bond hearing that complies with the requirements of this order, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

To the extent Mr. Bouraima seeks an order directing his immediate release, that request is denied without prejudice. The court finds that a bond hearing before an IJ is sufficient to protect his rights at this stage.

The government shall file a status report within ten days.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 1, 2026

cc:  Counsel of Record

5